IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| A & C DISCOUNT PHARMACY § <br> L.L.C., D/B/A MEDCORE PHARMACY § <br> PARTNERS 10, LP, § <br> § <br> Plaintiff, § <br> § Civil Action No. 3:16-CV-0429-D <br> VS. § <br> § <br> PRIME THERAPEUTICS LLC, § <br> § <br> Defendant. § | |

MEMORANDUM OPINION
AND ORDER

After defendant Prime Therapeutics LLC ("Prime") removed this case to this court and filed a motion to dismiss this action under Fed. R. Civ. P. 12(b)(6), plaintiff A & C Discount Pharmacy L.L.C. d/b/a Medcore Pharmacy Partners 10, LP ("Medcore") filed the instant motion to stay this lawsuit and compel arbitration. Concluding that Medcore waived its right to arbitration, the court denies the motion to stay and compel arbitration. The court also denies Prime's Rule 12(b)(6) motion to dismiss and grants Medcore leave to file a second amended complaint.

I

Medcore filed suit in state court on January 21, 2016, seeking an injunction and declaratory judgment based on an alleged anticipatory breach of contract by Prime. On

February 16 Prime timely removed the case to this court.[1]

On March 29 Prime filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. Medcore, in turn, filed a motion to remand, which the court denied on June 9. Medcore did not respond to Prime's motion to dismiss. Instead, on June 23—the date Medcore's response to Prime's motion to dismiss was due[2]—Medcore moved to compel arbitration based on its agreement with Prime. Prime opposes the motion, contending that Medcore has waived its right to arbitration.

II

"[T]here is a strong federal policy in favor of enforcing arbitration agreements." *Texaco Exploration & Prod. Co. v. AmClyde Engineered Prods. Co.*, 243 F.3d 906, 909 (5th Cir. 2001) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. at 213, 217 (1985) (internal quotation marks omitted)); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."). Like all contractual rights, a right to arbitration can be waived. *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009). Because of the strong preference for arbitration, however,

---

[1]Prime's original and first amended notices of removal were both defective. It cured the defect in its second amended notice of removal.

[2]On April 18 the court granted Medcore's unopposed motion and extended the due date until seven days after the court decided Medcore's motion to remand.

waiver is strongly disfavored, and the party advocating waiver must meet a heavy burden. *Id.* Whether a party has waived arbitration is a fact-dependent inquiry. *Id.* at 910. The Fifth Circuit will uphold a finding of waiver only when a party has "substantially invoke[d] the judicial process to the detriment or prejudice of the other party." *Id.* at 907 (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 496-97 (5th Cir. 1986)).

A party substantially invokes the judicial process if it "evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002). Subject to certain exceptions, the Fifth Circuit presumes such a desire when a plaintiff files suit without asserting an arbitration clause. *See Nicholas*, 565 F.3d at 908. The Fifth Circuit also requires a showing of "detriment or prejudice" even when the party seeking to compel arbitration elects to proceed before the court. *Compare id. with Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995). But "where a party fails to demand arbitration . . . , and, in the meantime engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e., prejudiced." *Nicholas*, 565 F.3d at 910 (quoting *Republic Ins. Co. v. PAICO Receivables LLC*, 383 F.3d 341, 347 (5th Cir. 2004)) (internal quotation marks omitted).

Although prejudice analysis varies according to the facts of each case, three factors may be particularly relevant:

> First, while discovery relating to non-arbitrable claims is not prejudicial, where the pretrial activity was related to all of the parties' claims, including those that were conceded to be arbitrable, arbitration would result in prejudice. Second, the time and expense incurred in defending against a motion for summary judgment could prejudice the party opposing arbitration. Third, a party's failure to timely assert its right to arbitrate a dispute is also relevant to the prejudice determination.

*Republic Ins.*, 383 F.3d at 346 (citations omitted).

III

*Nicholas* makes clear that Medcore substantially invoked the judicial process when it filed its complaint.[3] Thus the question the court must decide is whether Medcore's delay in moving for arbitration prejudiced Prime.

A

Prime contends that Medcore waived its right to arbitration by initiating this lawsuit and waiting more than five months to invoke the arbitration clause. Prime maintains that it was prejudiced by the delay and the expense of defending itself in state and federal court. After the lawsuit was filed, Prime (1) removed the case to federal court, (2) filed a motion to dismiss for failure to state a claim, (3) opposed Medcore's motion to remand, (4) participated in Rule 26 discussions, and (5) submitted a joint scheduling proposal. Medcore responds that Prime cannot meet its burden to show damage or prejudice because no

---

[3] There may be exceptions to the presumption of *Nicholas*, such as when a plaintiff files suit to obtain an injunction before seeking arbitration. *See Nicholas*, 565 F.3d at 908-09. This is because such an action would evince a desire to obtain a remedy not available in arbitration rather than to seek a ruling on the merits. Medcore, however, has not raised this or any other possible exception.

significant litigation of claims has occurred.

B

The court now turns to the *Republic Insurance* factors. The first factor cuts against Prime because discovery has not begun. No factor alone is dispositive, however, and courts have found that a defendant was prejudiced for reasons other than discovery. *See Leal v. Luxottica Retail N.A., Inc.*, 2011 WL 873348, at *1 (N.D. Tex. Mar. 10, 2011) (Boyle, J.) (finding prejudice based on expense of "time and resources defending this action in state and federal court"); *see also Ferrari v. D.R. Horton, Inc.*, 2015 WL 10913396, at *2 (N.D. Ala. Feb. 20, 2015) (finding prejudice based on "litigation expenses involved in filing an answer and compulsory counter-claims . . . , meeting with [plaintiff] and filing a report . . . pursuant to Fed. R. Civ. P. 26(f), and filing and fully briefing a motion to dismiss."), *aff'd*, 613 Fed. Appx. 917 (11th Cir. 2015).

Prime has also incurred unnecessary expenses, including those involved in removing this case to this court and opposing Medcore's motion to remand. Prime has also incurred expenses associated with its motion to dismiss, the joint scheduling proposal, and Rule 26 discussions. It is unclear, however, whether some of these activities (or their analogs) will also be required as part of the arbitration process, so the court will not consider them for purposes of deciding whether Prime will be prejudiced. *See Joseph Chris Pers. Servs., Inc., v. Rossi*, 249 Fed. Appx. 988, 992 (5th Cir. 2007) (per curiam) (holding that party was not prejudice partly because "there was no showing that similar discovery could not have been had in arbitration."). The court will consider only the costs associated with removal and the

motion to remand.

As for whether a party has been prejudiced based on when an arbitration agreement was invoked, it is clear that a minimal delay before any significant litigation occurs does not prejudice a party. *See Citibank, N.A. v. Stok & Assocs., P.A.*, 387 Fed. Appx. 921, 924-25 (11th Cir. 2010) (per curiam) (holding there was no prejudice after two months from initial filing where there were no dispositive motions and minimal discovery). As the case progresses, both in terms of time and of volume of filings, prejudice becomes more likely. *See Ferrari*, 2015 WL 10913396, at *2 (finding prejudice after almost four months from initial filing with a fully briefed motion to dismiss); *Leal*, 2011 WL 873348, at *1 (finding prejudice after three months from initial filing with a filed motion to dismiss); *Nicholas*, 565 F.3d at 906, 911 (holding the district court did not clearly err in finding no prejudice after ten months from initial filing during which "Nicholas forced KBR to conduct the bulk of activity necessary to defend against her claims."). Medcore's five-month delay, when combined with the filing of two substantive motions (to remand and dismiss), supports a finding of prejudice under the holdings of these cases.

But whether a party is prejudiced is also informed by the circumstances surrounding the filing of the motion to compel arbitration. *See Leal*, 2011 WL 873348, at *1. In *Leal* Judge Boyle determined that "[w]hile [the defendant] expended time and resources defending this action in state and federal court, [the plaintiff] simply waited to determine whether his action would be best brought in arbitration." *Id.* In a similar case, the Eighth Circuit upheld a finding of prejudice when a plaintiff moved to compel arbitration only after the district

court denied its motion to transfer venue. *See Messina v. N. Cent. Distrib., Inc.*, 821 F.3d 1047, 1051 (8th Cir. 2016). The plaintiff's timing of filing the motion to compel "demonstrate[d] that it wanted to play heads I win, tails you lose, which is the worst possible reason for failing to move for arbitration sooner than it did." *Id.* (citations and internal quotation marks omitted).

Medcore's actions support a finding that Prime has been prejudiced by the timing of Medcore's motion. Medcore did not mention the arbitration clause in any filings before filing its motion to compel, including in its first amended complaint filed in this court. Medcore did not file the motion to compel until after Prime filed its Rule 12(b)(6) motion to dismiss (to which Medcore has failed to respond), the court denied Medcore's motion to remand, and Prime incurred expenses related to both motions.

Considering all of the pertinent facts and the relevant factors, the court concludes that Medcore waived its arbitration rights. The court therefore denies Medcore's motion to stay this lawsuit and compel arbitration.

IV

As noted above, Prime has filed a motion to dismiss for failure to state a claim on which relief can be granted, and Medcore has not responded to the motion.

The court denies Prime's motion without prejudice. It is likely that the court would allow Medcore to replead even if it had granted Prime's motion. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before

dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (citation omitted)).  Accordingly, for purposes of efficiency, the court will grant Medcore leave to amend, after which Prime may move anew to dismiss if it is has grounds to do so after Medcore amends its complaint.

* * *

For the reasons explained, the court denies Medcore's motion to stay this lawsuit and compel arbitration.  The court also denies without prejudice Prime's motion to dismiss, and it grants Medcore 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

**SO ORDERED**.

October 17, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE